FILED

**NOT FOR PUBLICATION**

FEB 13 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SINGH JORAWAR, aka Jorawar Singh, Petitioner, v. ERIC H. HOLDER, Attorney General, Respondent. | No. 11-70597 Agency No. A098-952-655 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2015[**]
Pasadena California

Before: GRABER and WARDLAW, Circuit Judges, and MAHAN,[***] District Judge.

Singh Jorawar petitions for review of the Board of Immigration Appeals'

(BIA) February 11, 2011 decision denying his motion to reconsider its March 28,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James C. Mahan, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

2006 decision. We have jurisdiction over the BIA's denial of a motion to reopen or motion to reconsider pursuant to 8 U.S.C. § 1252. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). "We review BIA rulings on motions to reopen and reconsider for abuse of discretion and reverse only if the Board acted arbitrarily, irrationally, or contrary to law." *Id.*

The BIA did not abuse its discretion in characterizing Jorawar's motion as one for reconsideration rather than for reopening. *See Iturribarria v. INS*, 321 F.3d 889, 896 (9th Cir. 2003) (noting that a motion to reconsider is the appropriate avenue to request that the BIA reexamine its decision in light of a change of law). In any event, regardless of whether Jorawar's motion is characterized as a motion to reopen or motion to reconsider, the BIA did not abuse its discretion in denying the motion as untimely. The final administrative order of removal was issued on March 28, 2006, and the motion for reconsideration was not filed until July 27, 2010. This period of time, spanning over four years, exceeds the thirty-day time period for motions to reconsider and the ninety-day time period for motions to reopen. *See* 8 U.S.C. § 1229a(c)(6)(B), (c)(7)(C)(i). Because there is no factual basis for equitable tolling in the record, the BIA did not abuse its discretion.

To the extent Jorawar challenges the BIA's discretionary decision not to grant *sua sponte* reconsideration, we lack jurisdiction to review that decision.

*Ekimian v. INS*, 303 F.3d 1153, 1160 (9th Cir. 2002); *see also Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011).

**Petition denied in part and dismissed in part.**